**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN LIGHT-ROTH,

        Petitioner - Appellant,

  v.

STEPHEN SINCLAIR, Superintendent,
Washington State Penitentiary,

        Respondent - Appellee.

No. 12-35047

D.C. No. 2:11-cv-00313-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 9, 2013
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

Kevin Light-Roth appeals from the denial of his petition for writ of habeas

corpus. The district court issued a certificate of appealability ("COA") as to two of

Light-Roth's claims, namely whether the government introduced the testimony of

Justin VanBrackle in violation *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue*

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*v. Illinois*, 360 U.S. 264 (1959). Light-Roth also sought a COA from this Court as to his remaining claims (i.e., whether his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668, 687 (1987), for failing to uncover the VanBrackle-related violations, and whether the government introduced the testimony of an additional witness, Chris Highley, in violation of *Brady* and *Napue*). We have jurisdiction under 28 U.S.C. § 1291, affirm the district court on the certified claims, and deny Light-Roth's request for a COA on the remaining claims.

1.      The state courts' rejection of Light-Roth's VanBrackle-related *Brady* claim was not the result of an unreasonable determination of the facts or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). "To prevail on a *Brady* claim, [a] defendant must show that '(1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment.'" *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir. 2001) (quoting *Paradis v. Arave*, 130 F.3d 385, 392 (9th Cir. 1997)). Light-Roth's *Brady* claim fails because, even assuming the government suppressed favorable evidence, given the strength of the case against Light-Roth and the cumulative nature of VanBrackle's testimony, the state court reasonably determined that evidence was not material.

**2.** Light-Roth's VanBrackle-related *Napue* claim likewise fails. To succeed under *Napue*, Light-Roth must show that: "(1) the prosecution actually presented false testimony; (2) the prosecution knew or should have known that the testimony was false; and (3) the false testimony was material to the outcome of the trial." *United States v. Pelisamen*, 641 F.3d 399, 407 (9th Cir. 2011). The state court's determination that the government neither knew nor should have known VanBrackle was testifying falsely was not an unreasonable determination of the facts or an unreasonable application of *Napue*. Moreover, for the same reasons indicated above, the VanBrackle evidence was immaterial.

**3.** Finally, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Light-Roth has not made such a showing with respect to his Highley-related *Brady* and *Napue* claims, or his derivative ineffective assistance of counsel claim. We decline to expand the certificate of appealability and, therefore, dismiss Light-Roth's

uncertified issues for lack of jurisdiction. *Doe v. Woodford*, 508 F.3d 563, 569

(9th Cir. 2007).

**AFFIRMED.**